Battle, J.
 

 The counsel for the defendant admits that the testimony given by the prosecutor .on the trial, was sufficient to support the conviction for a forcible detainer, but he contends that it did not support the charge for a forcible entry, at least, not for one in the presence of the owner of the dwelling house; and that, as the verdict of guilty was general, he is entitled to a
 
 venire de novo.
 
 The cases of the
 
 State
 
 v.
 
 Ward,
 
 1 Jones’ Rep. 293, and the
 
 State
 
 v.
 
 McCauless,
 
 9 Ired. Rep. 375, upon which he relies, show the legitimacy of his conclusion, pi’ovided his premises be correct.
 

 The question then arises, is the testimony sufficient to support the verdict upon the charge of a forcible entry in the presence of the owner?
 
 We
 
 think that it is, and that we are justified in so holding by the principles established in the adjudications of this Court. .In the case of the
 
 State
 
 v.
 
 Fort,
 
 4 Dev. and Bat. Rep. 192, it was said by the Court, not to be necessary in an indictment for a forcible entry into a dwelling house, to charge or sliow that the proprietor was in the house, or present at the time of the violent dispossession. In the
 
 State
 
 v.
 
 Walker,
 
 10 Ire. 234, it was held that though the possession of a man’s dwelling house by his family, was his possession, and might be so charged in an indictment for a forcible entry, yet, if it were alleged that the owner was personally present at the time of the injury complained of, the proof must sustain that allegation. The indictment in the present case does allege that the owner was personally present, forbidding the entry. So that the question is narrowed down to this, were the circumstances under which the defendant entered, sufficient to make his entry forcible, and was the owner present at the time?
 

 The testimony shows that the defendant was a man of superior strength; that he had been forbidden by the prosecutor to visit his house; that he went there in defiance-of the prohibition, and engaged in a quarrel with the prosecutor’s wife,
 
 *471
 
 declaring his purpose to make a prostitute of their daughter. Such an entry, against the owner’s will and with such an intent, was undoubtedly unlawful, and it is equally clear, that it was much more than a bare trespass. And if. there were any doubt about this, the defendant’s conduct after he was ordered out of the house by the prosecutor, which was part of the same transaction, puts the matter beyond all question. His superior strength, his abusive language and his demonstrations of violence, had the same tendency, as numbers would have done, to alarm the prosecutor’s family, and to cause him to commit a breach of the peace: and conduct having such a tendency was held sufficient, in the case of the
 
 State
 
 v.
 
 Toliver,
 
 5 Ired. Rep. 452, to support an indictment similar to the present. The inquiry remains, was the owner present forbidding the entry ? The acts of the defendant, from his first entrance into, until his final departure from the house, were one continuing transaction, and the presence of the owner during any part of it was sufficient to sustain the charge. If a man leave his dwelling house for a-mere temporary purpose, as for instance to attend church, to visit a neighbor, or to work in his own fields, he cannot be said in law, to have left it, so as to make the unlawful entry of a trespasser an entry in his absence, and if he return while the trespasser is still in the house, the unlawful and forcible entry will, in contemplation of Jaw, have been in his presence. In
 
 State
 
 v.
 
 Walker, ubi supra,
 
 the owner of the dwelling house was absent, and did not return until the day after the forcible trespass had been committed, and the defendant had gone, which makes it a very different case from the present.
 

 We
 
 find no error in the record to prevent the judgment of the Superior Court from being pronounced against the defendant, and to that end this opinion will be certified as the law directs.
 

 Judgment affirmed. Per CukiaM.